USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/8/2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :   05 CR 377 (VM)
    - against -                     :
                                    :   ORDER
ANTHONY BATTLE,                     :
                                    :
              Defendant.            :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Anthony Battle ("Battle") to 240 months' imprisonment followed by 5 years' supervised release on March 7, 2008. (See Dkt. Minute Entry dated 3/7/2008.) Battle is serving his sentence in FCI Fort Dix.

By motion dated April 16, 2020, which was received by the Court on May 7, 2020, Battle requested immediate compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (See "Motion," Dkt. No. 34.) Battle notes that he has asthma, which, according to the Centers for Disease Control and Prevention (the "CDC"), places him at an increased risk of suffering severe illness in the event that he contracts COVID-19. He also notes that he is African American and that the CDC has recognized that African Americans suffer a higher rate of death from COVID-19 than other race and ethnic groups.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the

factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582. However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See id. Section 571.61 of Title 28 of the Code of Federal Regulations sets forth how an inmate must submit a request under Section 3582 to the BOP.

Battle does not specify whether he has submitted any written request to the warden of FCI Fort Dix. Battle argues, instead, that due to the urgency of his situation, he cannot wait for the Bureau of Prisons to process his request.

Other courts in this district have waived the exhaustion requirements of Section 3582. See, e.g., United States v. Scparta, 19 Cr. 578, 2020 WL 1910481, at *8 (S.D.N.Y. Apr. 20, 2020). This Court, however, is not persuaded that it can waive Section 3582's exhaustion requirements. As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Any argument that it would be futile

2

for Battle to exhaust his administrative remedies is unavailing, given that the statute contains an express futility provision, permitting him to seek judicial relief if the BOP does not act on his request within thirty days. See Section 3582; see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are required to strictly enforce statutory exhaustion requirements."). Although, as other courts in this District have noted, it is not yet clear under Second Circuit law whether the exhaustion requirement is jurisdictional or simply a statutory requirement, see United States v. Monzon, No. 99 CR 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020), it makes no difference here. The Court must deny the request.

The Court is entirely sympathetic to the plight of Battle and other inmates in his position. The Court encourages Battle to submit a request to the warden of Fort Dix. If the warden denies his request, he must appeal to the appropriate BOP Regional Director and, if that appeal fails, to the BOP General Counsel before renewing his Motion. See 28 C.F.R. §§ 571.63(a), 542.15(a). Alternatively, if the BOP takes no

action within 30 days after receiving Battle's request, he may renew his Motion before this Court. See Section 3582.

Accordingly, it is hereby

**ORDERED** that the defendant's Motion is **DENIED**. Defendant may renew his request upon compliance with the terms of the statute. The Clerk of Court is directed to mail this order to Defendant.

**SO ORDERED.**

Dated: New York, New York
       8 May 2020

_____
Victor Marrero
U.S.D.J.