```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA             :
                                     :    05 CR 377 (VM)
     - against -                     :
                                     :    ORDER
ANTHONY BATTLE,                      :
                                     :
              Defendant.             :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Anthony Battle ("Battle") to 240 months' imprisonment followed by 5 years' supervised release on March 7, 2008. (See Dkt. Minute Entry dated 3/7/2008.) Battle is serving his sentence in FCI Fort Dix.

By motion dated August 3, 2020, which was received by the Court on August 10, 2020, Battle requested immediate compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (See "Motion," Dkt. No. 36.) Battle argues that extraordinary circumstances warrant his release. He has severe chronic asthma, which requires regular use of albuterol and steroidal inhalers, and has been diagnosed with high cholesterol. Battle writes that, based on information from the Centers for Disease Control and Prevention (the "CDC"), individuals with asthma and high cholesterol are at an increased risk of suffering severe illness in the event that they contract COVID-19. Battle also notes that he is African American and that the CDC has

recognized that African Americans suffer a higher rate of death from COVID-19 than other race and ethnic groups.

In addition, Battle details current procedures and practices at FCI Fort Dix relating to COVID-19. He explains that inmates share bathrooms with hundreds of others, sleep in bunks less than three feet apart, and have daily contact with dozens of staff members. He writes that many staff members, in violation of protocol, refuse to wear masks even when they are within six feet of inmates and even after inmates have requested that they wear masks. Battle further observes that arriving inmates who are placed in the isolation unit for a 14-day quarantine are separated from staff only by cage-like walls through which air flows freely and are not required to wear masks. Battle alleges that he can see the staff in the isolation area from his window and has observed that most do not wear masks. According to Battle, FCI Fort Dix does not separate staff based on their work assignments. Thus, Battle explains, staff members assigned to work in the isolation unit often work shifts in regular housing units soon thereafter. He writes that an inmate in isolation who recently tested positive for COVID-19 came into contact with various staff members, many of whom were not wearing masks and subsequently entered Battle's housing unit and other housing units.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582. However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See id.

As Battle points out, the 30-day provision applies in this case. On June 25, 2020, Battle submitted a written request to the Warden of FCI Fort Dix for compassionate release. As of August 3 -- more than 30 days later -- the Warden had not taken action.

However, the Court must deny Battle's request. To order a reduction in sentence under the compassionate release statute, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and must consider the factors in 18 U.S.C. Section 3553(a). See 18 U.S.C. §§ 3582(c)(1)(A); 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines ("Section 1B1.13")

3

provides guidance on the circumstances under which "extraordinary and compelling reasons" exist, including, but not limited to, serious medical conditions such as "a terminal illness" or "end-stage organ disease." Section 1B1.13 Application Note 1(A)(i). "Terminal illness" is defined as "a serious and advanced illness with an end of life trajectory" such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S.S.G. § 1b1.13, Application Note 1(A)(i).

The Court is not persuaded that Battle has demonstrated the extraordinary and compelling reasons that warrant a sentence reduction at this time. Battle is not terminally ill, and he does not contend that FCI Fort Dix is unable to manage his conditions. Battle's description of the procedures and practices at FCI Fort Dix raises serious concerns about whether FCI Fort Dix is doing everything within its power to prevent the spread of infection. Nonetheless, the Court observes that, as of the date of this Order, the United States Bureau of Prisons reports that no inmates and only one staff member at FCI Fort Dix currently test positive for COVID-19, that tests for 4 inmates are pending, and that 39 inmates and

5 staff members who had COVID-19 at the facility have recovered.[1]

This and other courts have denied compassionate release motions based on a determination that similarly serious medical conditions, even in the midst of the COVID-19 pandemic, do not constitute extraordinary and compelling reasons warranting a sentence reduction. See e.g., United States v. Garcia, No. 18 CR 802-04, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to 62-year-old individual with asthma, high blood pressure, high cholesterol, diminished lung capacity, and a clogged artery despite 40 documented cases of COVID-19 at the facility where he was housed); United States v. Brady, No. 18 CR 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (acknowledging serious nature of medical conditions but denying compassionate release where conditions were stable and managed in a BOP facility although four percent of the inmates and staff at the facility tested positive for COVID-19).

The Court recognizes that conditions at FCI Fort Dix conceivably could change materially, so that the facility would be unable to provide Battle with health care appropriate

---

[1] See https://www.bop.gov/coronavirus/.

to his needs. If Battle is able to present sufficient evidence supporting such a showing, he may renew the motion at that time.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Anthony Battle for compassionate release (Dkt. No. 36) is **DENIED**. The Clerk of Court is directed to mail this order to Defendant.

**SO ORDERED.**

Dated:  New York, New York
        12 August 2020

_____
Victor Marrero
U.S.D.J.

6