USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :              **05 CR 377(VM)**
         -against-                 :        **DECISION AND ORDER**
                                   :
ANTHONY BATTLE,                    :
                                   :
              Defendant.           :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

On March 7, 2008, the Court sentenced defendant Anthony Battle ("Battle") to 240 months' imprisonment followed by 5 years' supervised release. (See Dkt. Minute Entry dated 3/7/2008.) Battle is serving his sentence in FCI Fort Dix.

By motion dated August 3, 2020, which was received by the Court on August 10, 2020, Battle requested immediate compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (See Dkt. No. 36.) Battle argued that extraordinary circumstances warrant his release. He has severe chronic asthma, which requires regular use of albuterol and steroidal inhalers, and has been diagnosed with high cholesterol. Battle further argued that, based on information from the Centers for Disease Control and Prevention (the "CDC"), individuals with asthma and high cholesterol are at an increased risk of suffering severe illness in the event that they contract COVID-19. On August 12, 2020, the Court denied Battle's motion, finding that the

1

spread of COVID-19 at the FCI Fort Dix facility was sufficiently controlled such that Battle has not demonstrated the "extraordinary and compelling" reasons to warrant a reduction in sentence. The Court invited Battle to renew his motion should the circumstances at FCI Fort Dix materially change.

By letter dated October 26, 2020, Battle moved this Court for reconsideration of its Order. (See "Motion," Dkt. No. 38.) Battle argues that (1) that his underlying medical conditions warrant release in light of the COVID-19 pandemic, and (2) the circumstances at FCI Fort Dix have materially changed such that this Court should reconsider its original decision and order. (Id.)

Reconsideration is "an extraordinary remedy to be employed sparingly." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). As the Second Circuit has explained, the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change

of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 at 790 (2d ed.)); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

First, the Court remains unpersuaded that Defendant's underlying medical conditions warrant his release. The Court notes that Defendant submitted no new evidence related to his underlying conditions or FCI Fort Dix's management thereof. Rather, he relies on the same evidence and arguments related to his medical conditions as he did in his initial motion. Thus, Battle cannot demonstrate that the Court overlooked any evidence in coming to its decision in its original Order, but rather "seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Next, Battle points the Court to decisions from this district granting compassionate release to certain incarcerated individuals. (See Motion at 2.) But, while other district courts opinions can be persuasive authority,

3

Defendant can point to no intervening change in controlling law. A change in controlling law would require this Court to reconsider its prior Order, Virgin Atl. Airways, 956 F.2d at 1255, but Defendant does not show, and the Court is not aware of, any such change.

Finally, Battle argues that the recent outbreak of COVID-19 at FCI Fort Dix constitutes an "extraordinary and compelling" reason warranting his release. While the Court takes note of the severity of the recent outbreak of COVID-19 at FCI Fort Dix and mindful of the particular impact the COVID-19 virus has had on incarcerated individuals, as of the date of this Order only about 1% of the population of inmates housed at FCI Fort Dix have tested positive for COVID-19. (Compare *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed Feb. 3, 2021) (noting 29 inmates with active cases) with FCI Fort Dix, https://www.bop.gov/locations/institutions/ftd/ (last accessed Feb. 3, 2021) (noting 2,723 total inmates housed at the facility). And, the Court also notes that COVID-19 cases at FCI Fort Dix have declined rapidly in recent weeks, suggesting that BOP is responding appropriately to COVID-19's spread at FCI Fort Dix. Thus, the Court is not persuaded that the circumstances at FCI Fort Dix warrant reconsideration of its original order.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Anthony Battle for reconsideration of his motion for compassionate release (Dkt. No. 38) is **DENIED.** The Clerk of Court is directed to mail this order to Defendant and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
        03 February 2021

_____
Victor Marrero
U.S.D.J.