USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2021

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------X

UNITED STATES OF AMERICA,       :

       :

       :       **05 CR 377(VM)**

   -against-       :       **DECISION AND ORDER**

       :

ANTHONY BATTLE,       :

       :

       Defendant.       :

----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

On March 7, 2008, the Court sentenced defendant Anthony Battle ("Battle") to 240 months' imprisonment followed by five years' supervised release. (See Dkt. Minute Entry dated 3/7/2008.) Battle is currently serving his sentence in F.C.I. Fort Dix.

By motion dated August 3, 2020, which was received by the Court on August 10, 2020, Battle requested immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (See Dkt. No. 36.) Battle argued that extraordinary circumstances warranted his release. He has severe chronic asthma, which requires regular use of albuterol and steroidal inhalers, and has been diagnosed with high cholesterol. Battle further argued that, based on information from the Centers for Disease Control and Prevention (the "CDC"), individuals with asthma and high cholesterol are at an increased risk of suffering severe illness in the event that they contract COVID-19. On August 12, 2020, the Court denied

1

Battle's motion, finding that the spread of COVID-19 at the F.C.I. Fort Dix facility was sufficiently controlled such that Battle had not demonstrated "extraordinary and compelling" reasons to warrant a reduction in sentence. The Court invited Battle to renew his motion should the circumstances at F.C.I. Fort Dix materially change.

By letter dated October 26, 2020, Battle moved this Court for reconsideration of its Order. (See Dkt. No. 38.) Battle argued that (1) his underlying medical conditions warrant release in light of the COVID-19 pandemic, and (2) the circumstances at F.C.I. Fort Dix had materially changed such that this Court should reconsider its original decision and order. (Id.) On February 3, 2021, the Court denied Battle's motion, finding that Battle presented no new evidence that would require the Court to reconsider its original Order. (See Dkt. No. 39.)

By letter dated February 8, 2021, Battle again moves this Court for reconsideration of its original Order. (See "Motion," Dkt. No. 40.) Battle again argues that (1) his underlying medical conditions warrant release in light of the COVID-19 pandemic, and (2) the circumstances at F.C.I. Fort Dix have worsened such that this Court should reconsider its original decision and order. (Id.) The Court now DENIES this motion.

2

Reconsideration is "an extraordinary remedy to be employed sparingly." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). As the Second Circuit has explained, the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478, at 790 (2d ed.)); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

First, Battle presents no new evidence related to his underlying medical conditions. He has not "point[ed] to controlling decisions or data that the court overlooked."

Shrader, 70 F.3d at 257. Instead, as Battle himself states, "[h]e relies on . . . arguments related to his medical conditions as he did in his initial motion." (Motion at 13.) Thus, as to Battle's medical conditions, Battle is merely relitigating an issue the Court has already twice considered.

As for Battle's second argument regarding the conditions at F.C.I. Fort Dix, Battle does provide some additional evidence. Battle includes a news article regarding the COVID-19 outbreak at the facility earlier this year. But the Court is not persuaded that a single news article regarding a COVID-19 outbreak at the facility is new evidence that requires the Court to reconsider its original Order. And, the Court already considered the conditions of F.C.I. Fort Dix in its February 3 Order and noted the number of infected inmates at F.C.I. Fort Dix had dropped rapidly after the outbreak, such that only twenty-nine inmates had tested positive on February 3. (See Dkt. No. 39, at 4.) The Court rejected Battle's arguments on this basis. (Id.) Since February 3, the number of inmates who have tested positive has steadily declined, with the Bureau of Prisons reporting only two currently active cases among inmates. (See COVID-19: Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 28, 2021). The COVID-19 situation at F.C.I. Fort Dix is arguably better than it was when the Court first considered

Battle's argument in its February 3 Order. Therefore, the facility conditions likewise do not provide a basis for reconsidering this Court's prior decisions.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Anthony Battle for reconsideration of his motion for compassionate release (Dkt. No. 40) is **DENIED**. The Clerk of Court is directed to mail this order to Defendant and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
         31 March 2021

                                        _____
                                          Victor Marrero
                                             U.S.D.J.

5